FILED IN CLERKS OFFICE
2018 MAR -9 PM 3:40
U.S. DISTRICT COURT
DISTRICT OF MASS.

United States District Court
District of Massachusetts - Boston Division

Martin Stephen Gottesfeld
v.
Joe Gibbons

Docket No.: 1:18-cv-10376-FDS

Motion To Dismiss The Indictment In U.S. v. Gottesfeld (16-cr-10305-NMG) For Violation Of The Speedy Trial Act's 30-Day Rule

Martin Stephen Gottesfeld (petitioner) moves The Court to order the dismissal of the indictment against him in the matter of U.S. v. Gottesfeld (see 16-cr-10305-NMG D.E. 28 on 10/19/2016) pursuant to 18 U.S.C. § 3161(b) and 18 U.S.C.A. § 3162(a)(1).

The petitioner was arrested on February 17th, 2016 (see 16-cr-10305-NMG D.E. 4 on 2/17/16) and it was not until April 6th, 2016 that he first set foot in the district and had his initial appearance therein (see Ibid. D.E. 13 on 4/6/16) — a gap of 48 days. By October 19th, 2016, the date upon which the indictment was filed (see Ibid. D.E. 28 on 10/19/16) some 245 days had expired since the petitioner's arrest, violating 18 U.S.C. § 3161(b) some 7 times over.

Further, not a single instance of excludable delay appears on the docket of 16-cr-10305-NMG prior to the filing of the indictment. The petitioner was also held for 90 days during this

-Page 1 of 5-

period without a detention ruling while the Honorable Magistrate Judge Marianne B. Bowler held the matter of this detention under advisement (see Doc. ID, 15 and D.R. 25).

In the 1st Circuit case of U.S. v. Reina-Del Rosario (2017 WL 6547653 or 17-cr-534 (GAG)) The Honorable U.S. District Court Judge Gustavo A. Gelpi, Sr. ordered the dismissal of the defendant's indictment with prejudice. The period between arrest and indictment in Reina-Del Rosario was only 48 days - an 18 day violation - and that delay had been possibly attributable to an "act of God", specifically Hurricane Maria.

In its order dismissing the indictment in Reina-Del Rosario, the Court noted external citations included, with the Speedy Trial Acts (STA) thirty-day period in which a detainee must be indicted following arrest expired in this case before an indictment occurred. See 18 U.S.C. § 3161(a). Consequently, the Court is required to order the dismissal of this case. See 18 U.S.C. A. 3162(a)(1).

It also noted Congress' intentions included, "The STA calls for indictment no later than thirty days after arrest." United States v. Souza, 749 F.3d 74, 79 (1st Cir. 2014) (citing 18. U.S.C. § 3161(b)).

Because no exclusions apply in this case, this was a clear violation of the STA and detainee's indictment must be dismissed. See 18 U.S.C. A. 3162(a)(2).

The petitioner requests that the Honorable Court apply the same logic in this matter, where no such Act of God or Hurricane Maria occurred and the STA violation is 215 days.

- Page 2 of 5 -

As The Court noted in Reina-Del Roscrio, "To determine whether to dismiss the case with or without prejudice, 'the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.' 18 U.S.C.A. §3162(a)(1)."

In this instance, the petitioner is accused of trying to save the life of a young child without harming a soul - either physically or otherwise. Further, even on its technicalities, it is far from clear, given that the petitioner's charged conduct is transmitting data, albeit in a high volume - over the public Internet for political purposes - that it would constitute a crime in light of the 1st and 9th Amendments.

Further, as the Court revealed in U.S. v. Lori Drew, it is far from clear that the charging statute, The Computer Fraud And Abuse Act, provides sufficient notice to sustain a conviction on due process/notification grounds, especially in this case where no security measures were bypassed, no data was obtained, the accused never intended nor actually profited or otherwise benefitted from the alleged crime and common law defenses including necessity, justification and the defense of others are available.

Additionally, the charging statute specifically mentions intent and in this instance even the government would have to admit that the apparent motive was the protection of a human life and the prevention of further torture.

In contrast, the petitioner has currently been incarcerated without bail awaiting trial for over 2 years. He was denied his right to a prompt bail finding by a magistrate with clear conflicts of interest. And the same magistrate issued the search warrant for his home.

Before ordering dismissal with prejudice, The Court in Reina-Del Rosario also noted, "Where the violation of the STA is attributable to the prosecution, or even the court, 'the allowance of reprosecution of defendant[] for the charged offense[] would completely negate the beneficent purposes intended to be accomplished by the Act in insuring timely trial of defendants, especially those incarcerated pending trial as w[as] th[is] defendant[]. Rives 782 F. Supp at 687."

Petitioner reiterates that not a single exclusion to the 30-day rule in 18 U.S.C. § 3161(b) appears anywhere on the docket of 16-cr-10305-NMG. Further, unlike a trial for which a defendant and his counsel must be prepared, file and answer motions, etc., there is no conceivable way in which a defendant or their counsel could, post-arrest, prevent the prosecution from securing an indictment from a grand jury or motioning for excludable delay, as obviously most indictments are secured without the knowledge of the accused.

Nonetheless, the petitioner expects the government to attempt to attribute the pre-indictment delay to him for various reasons, but he also expects that such reasons will be unconvincing, especially since no explanation for the delay was docketed at

- Page 4 of 5 -

the time. The petitioner requests a hearing without undue delay to answer such claims and notes that the government, despite whatever assertions it may now try to make, cannot possibly exclude the distinct possibilities that it had difficulty securing a timely indictment, that it strongly desired to avoid having to do so and that it had hoped that the undue delay in the issuance of a bail finding would lead to a plea to an information.

For all of these reasons and more, the petitioner hopes that the Court will agree that the administration of justice requires the dismissal of his indictment with prejudice, and as requested in an accompanying filing, the setting of terms and conditions for bail in the meantime.

Respectfully Mailed And Submitted on 3/4/18,

*[signature]*

Martin S. Gottesfeld, ID #71225
PCCF, Unit H1, Cell 224
26 Long Pond Road
Plymouth, MA ~~02240~~ 02360