# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN STEPHEN GOTTESFELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 18-10376-NMG |
| JOSEPH D. MCDONALD, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

GORTON, J.

Petitioner Martin Stephen Gottesfeld, a federal pretrial detainee in custody at the Plymouth County Correction Facility, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. See Docket No. 1. The $5.00 filing fee was paid.

## RELEVANT CASE HISTORY

Petitioner is awaiting trial on charges of conspiracy to intentionally cause damage to protected computers, in violation of 18 U.S.C. §§ 371, 1030(a)(5)(A), and 1030(c)(4)(B). See United States v. Gottesfeld, 16-cr-10305-NMG. Through the instant habeas action, petitioner seeks to challenge the authority of his pre-trial detention in relation to the criminal charges now pending in United States v. Gottesfeld, 16-cr-10305-NMG. The habeas petition seeks to have the indictment dismissed with prejudice or that the detention order be vacated and the terms of bail set. See Docket No. 1 at 7. Petitioner alleges that: (1) he was not indicted within 30 days of his arrest,

initial appearance, or detention order; (2) the magistrate judge who issued the search warrant and detention order was biased because of her and her husband's connection to the alleged victims; (3) the government lied on its applications for the criminal complaint, search warrant, and surveillance of his phone; (4) the statute under which he is charged ~~under~~ is unconstitutionally vague; and (5) the charges against him attempt to criminalize protected speech. Id. at 6 - 8.

Petitioner paid the $5.00 filing fee the action was randomly assigned to the Honorable F. Dennis Saylor IV. See Docket Nos. 2, 4. On March 5, 2018, petitioner filed motions for the recusal of Judge Saylor and for correction of the electronic docket.[1] See Docket Nos. 5, 6.

By Order of Reassignment dated March 7, 2018, Judge Saylor transferred the case to the undersigned for all further proceedings. See Docket No. 7. The Order of Reassignment states, in part, that the remedies sought by petitioner are more appropriately sought, if at all, from the judge handling the criminal case. Id. at p. 3.

## STANDARD OF REVIEW

Initial review and summary dismissal of the petition is

---

[1] The Clerk corrected the docket to reflect the proper spelling of petitioner's name (changed from Gottsfield to Gottsfeld) and the proper respondent (changed from John Gibbons to Joseph D. McDonald, Jr.). See Docket.

authorized by Rule 4 of the Rules Governing Section 2254 Cases which requires the court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief...." Rule 4 of the Rules Governing Section 2254 Cases; see McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). The Rules Governing Section 2254 Cases may be applied at the court's discretion to habeas petitions, such as the one in this action, brought pursuant to authority other than 28 U.S.C. § 2254. See Rule 1(b) of the Rules Governing Section 2254 Cases. A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law. See 28 U.S.C. § 2243.

## DISCUSSION

Petitioner challenges the legality of his pretrial detention, seeking habeas relief under 28 U.S.C. § 2241. It is well-settled, however, that a federal pretrial detainee cannot use a habeas corpus petition to challenge the proceedings in a pending federal criminal case. Falcon v. U.S. Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995); Whitmer v. Levi, No. 07-4823, 276 F. App'x. 217, 218-19 (3d Cir. 2008) (unpublished opinion); Hall v. Pratt, No. 03-1387, 97 F. App'x. 246, 247-48 (10th Cir.

2004) (unpublished opinion).

For almost one hundred years, courts have consistently held that a federal criminal defendant who seeks to challenge some aspect of an ongoing federal criminal prosecution must bring his claims in the criminal case itself. See Mahoney v. United States, No. 13-11094-NMG, 2013 WL 3148653, at *2 (D. Mass. 2013)(Gorton, J.)(citations omitted). "It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial." Jones v. Perkins, 245 U.S. 390, 391 (1918). As the Court explained in Whitmer:

> "[C]laims relating to pending criminal charges should have been raised in [the petitioner's] criminal case, not in a habeas petition under 28 U.S.C. § 2241. Where a defendant is awaiting trial, the appropriate vehicle for violations of his constitutional rights are pretrial motions or the expedited appeal procedure provided by the Bail Reform Act, 18 U.S.C. § 3145(b), (c), and not a habeas corpus petition."

Whitmer, 276 Fed. Appx. at 219.

A habeas proceeding pursuant to 28 U.S.C § 2241 cannot be used to undermine, or interfere with, the proceedings in an ongoing federal criminal case. See Falcon, 52 F.3d at 139 ("[i]t seems to us to go far afield to seek habeas corpus relief which could conceivably interfere with the trial judge's control of the criminal case pending before him"); Hall, 97 F. App'x at 247-48 ("[a]llowing federal prisoner to bring claims in habeas proceedings that they have not yet, but still could, bring in the

4

trial court, would result in needless duplication of judicial work and would encourage 'judge shopping' ").

Petitioner cannot use a petition for writ of habeas corpus to circumvent or interfere with his criminal case without showing extraordinary circumstances that would allow him to by-pass the normal procedures for raising his purported claims. This he failed to do and therefore § 2241 relief is not available.

## ORDER

For the foregoing reasons, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** without prejudice. The Clerk shall enter a separate order of dismissal. **So ordered.**

/s/ Nathaniel M. Gorton
NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE

Dated March 12, 2018